UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI ANN TATE and
GARDUS TATE,                                         Case No. 10-13257

       Plaintiffs,                              David M. Lawson
vs.                                                  United States District Judge

BAC HOME LOAN SERVICING, LP,                         Michael Hluchaniuk
BANK OF AMERICA, NA, FANNIE MAE,                     United States Magistrate Judge
MERS, INC., GOLDEN TITLE INSURANCE
AGENCY, INC., ROMAN HOROSZWESKI,
LAURA HOROSZWESKI,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**DISMISSAL FOR FAILURE TO TIMELY EFFECTUATE SERVICE**

**I.     PROCEDURAL HISTORY**

Plaintiff filed her complaint, initially proceeding *pro se* on August 17, 2010. (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings by District Judge David M. Lawson. (Dkt. 3). On September 28, 2010, counsel appeared for plaintiff in this matter. (Dkt. 11). The amended complaint was filed on December 1, 2010. (Dkt. 1). The summonses were issued on December 2, 2010 and December 29, 2010. (Dkt. 29-31, 34). The summonses expired, at the latest, on April 28, 2011. On August 4, 2011, the undersigned issued an order for plaintiffs to show cause why their claims against Golden Title Insurance Company,

Roman Horoszewski, and Laura Horoszewski should not be dismissed for failure to timely effectuate service of the summons and complaint. (Dkt. 56). The order indicated that the Court could dismiss the action without prejudice if the summons and complaint were not timely served. Plaintiffs' response to the show cause order was due by August 15, 2011. (Dkt. 56). Plaintiffs have not responded to the show cause order.

For the reasons set forth below, the undersigned **RECOMMENDS** that the complaint against defendants Golden Title Insurance Company, Roman Horoszewski, and Laura Horoszewski be **DISMISSED** without prejudice.

## II.   ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), citing, *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). It is plaintiffs' burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the Court may enter an order dismissing the case for lack of prosecution.

Plaintiffs failed to serve the summons and complaint after being warned that

failure to do so could result in dismissal.  Therefore, the undersigned recommends that plaintiffs' complaint against defendants Golden Title Insurance Company, Roman Horoszewski, and Laura Horoszewski be dismissed without prejudice pursuant to Rule 4(m) and Local Rule 41.2.  *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.").

### III.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiffs' complaint be **DISMISSED** without prejudice pursuant to Rule 4(m) and Local Rule 41.2.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 20, 2011          s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on September 20, 2011 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Angela K. Howell and Michelle T. Thomas.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7887
                                   tammy_hallwood@mied.uscourts.gov